Sucn. de María Antonia Pagán y Asencio, etc., demandante y apelada, *v.* Sucn. de Juan Asencio Padilla, etc., demandada y apelante.

No. 5824.—*Sometido:* Abril 18, 1933. *Resuelto:* Abril 28, 1933.

*Miguel A. García Méndez,* abogado de la apelante; *P. Fajardo Martínez,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este caso se decidió por sentencia de julio 13, 1931, declarando la demanda con lugar. Apeló la parte demandada señalando en su alegato la comisión de tres errores, el primero al desestimarse la defensa de prescripción, el segundo al declararse sin lugar la excepción previa de falta de causa de acción y el tercero al apreciarse la prueba.

Así las cosas, ambas partes el 29 de julio de 1932 presentaron una estipulación que dice:

"Que han estipulado solicitar de este Honorable Tribunal se sirva resolver en el presente caso la cuestión de derecho planteada por los apelantes en su PRIMER ERROR, relativa a si procede o no declarar extinguida por prescripción una acción sobre nulidad de contratos fundada en la alegada incapacidad de una causante, no habiendo mediado

previa declaración de incapacidad y habiendo transcurrido más de cuatro años desde el fallecimiento de la causante para la fecha en que se radicó la acción de nulidad por la sucesión actora.

"Los abogados suscribientes someten esta estipulación a este Honorable Tribunal, renunciando el señalamiento de vista pública para la discusión de dicha cuestión, en obvio de tiempo y para beneficio de la profesión en Puerto Rico, por ser ése el único 'issue' fundamental de derecho que informa la apelación en el presente caso."

La estipulación fué aprobada por la corte, pero imponiendo a las partes el deber de cumplir con lo dispuesto en la sección 63 de su reglamento, esto es, la presentación de alegatos impresos. No lo hicieron y el recurso se señaló de nuevo para verse el 18 de abril actual. Faltaron las partes en comparecer y, dadas las circunstancias concurrentes, la corte ordenó que fueran oídas por escrito o en corte abierta el 24 de abril sobre si la cuestión envuelta en el litigio había llegado a ser académica.

■■ Por escrito, notificado a la parte contraria, informó la apelante:

". . . que la decisión que se ha solicitado de esta honorable Corte así se ha solicitado por ambas partes, incurriendo en el gasto de transcripción y en el trabajo de elevación de alegatos, por entender que la cuestión de si debe o no ratificarse la doctrina sentada en el caso de Cabrera et al vs. Aponte, 29 D.P.R. 938, por envolver dicha materia un punto fundamental de derecho, es de gran interés para la profesión. Lo relativo al resultado material del litigio ha sido objeto de transacción ya aprobada por la Corte inferior, por lo que, en atención a lo ordenado por esta honorable Corte, forzoso nos es consignar que, en lo que a dicho resultado material respecta, la cuestión envuelta es académica."

Nada ha dicho la apelada.

De modo terminante consta, pues, que el litigio ha sido transado y que el recurso sólo se sostiene por el deseo de las partes de obtener la resolución de esta corte sobre un punto legal que consideran de interés para la profesión. No existe una controversia real entre ellas, y la regla general establecida de modo invariable por la jurisprudencia es que

toda vez que los tribunales de apelación no se constituyen para emitir opiniones sobre cuestiones académicas o proposiciones abstractas, la apelación será desestimada cuando no existe una verdadera controversia entre las partes al tiempo de la vista. Véase 4 C. J. 575.

Existen algunas excepciones entre las cuales no está comprendido este caso. No aparece envuelta cuestión alguna de interés público de tal magnitud que pudiera reclamar la intervención de la corte. El caso de *Cabrera,* supra, a que se refiere el escrito del apelante, ha permanecido sin alteración desde 1921 en que fué resuelto, y a juzgar por los alegatos de ambas partes no se impugna su doctrina, tratándose sólo de fijar su alcance en relación con los hechos de este caso.

*En tal virtud debe desestimarse, por académico, el recurso.*